AO88 (DE Rev. 01/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

ROBERT & AMY SCHMIDT, h/w        DISTRICT OF DELAWARE

**SUBPOENA IN A CIVIL CASE**

V.

FRANK HAMILTON, et al.

Case Number:[1]  06-207 JJF

TO:    Steve DeSantis, Boeing/McDonnell Douglas
c/o Corporation Service Co, as registered agent
2711 Centerville Road, Suite 400, Wilm., DE 19808

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   Telephonic, oral deposition of Steve DeSantis from 1 610 591 6558 | DATE AND TIME 11/12/2007 10:00 am |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Any and all personnel files from time of initial employment to the present, including but not limited to performance reviews; interim performance evaluations; employee manuals; disability plan documents and booklets; short- and long-term summary plan descriptions all relating to Robert Schmidt, and include ALL OTHER DOCUMENTS therein.

| PLACE   D.P. CLINE, ESQ., 715 King St., BOX 33, WILM., DE 19899-0033 on or before | DATE AND TIME 11/5/2007 10:00 am |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE 10/15/2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
DAVID P CLINE, ESQ., 715 KING ST., BOX 33, WILM., DE 19899-0033
302-529-7848 (ATTY FOR ROBERT SCHMIDT)

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | 10/16/07 | C/O CORPORATION SERVICE CO 2711 CENTERVILLE RD. WILMINGTON, DE |

| SERVED ON (Print Name) | MANNER OF SERVICE |
|---|---|
| | ACCEPTED BY |
| STEVE DESANTIS | MARY DRUMMOND |

| SERVED BY (Print Name) | TITLE |
|---|---|
| KEVIN S. DUNN | **Private Process Server** |

## DECLARATION OF SERVER

I declare under penalty of perjury under the law of the State of Delaware that the foregoing information contained in the Proof of Service is true and correct.

**Executed On:**    10/16/07

_____
SIGNATURE OF SERVER
BRANDYWINE PROCESS SERVERS, LTD.
P. 0. BOX 1360
WILMINGTON, DE 19899-1360
(302) 475 - 2600

---

Superior Court Civil Rule 45, Parts C, D & E*

*(c) Protection of Persons subject to Subpoenas*

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing under burden or expense on a person subject to that subpoena. The Curt shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
    (B) Subject to paragraph (d)(2) of this rule a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the Court. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the Court shall quash or modify the subpoena if it
        (i) fails to allow reasonable time for compliance,
        (ii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
        (iii) subjects a person to undue burden.

(B) If a subpoena
        (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
        (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party,

the Court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the Court may order appearance or production only upon specified conditions.

(d) *Duties in Responding to Subpoena.*

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

*(e) Contempt.*

Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed contempt of court.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT COURT OF DELAWARE

| | | |
|---|---|---|
| ROBERT SCHMIDT, individually, | ) | |
| AMY SCHMIDT, individually, h/w | ) | C.A. NO.  06-207 JJF |
| | ) | |
| *Plaintiffs,* | ) | |
| vs. | ) | |
| | ) | |
| FRANK HAMILTON, individually and | ) | |
| TRESSA THOMPSON-THOMAS, | ) | |
| individually, | ) | |
| *Defendants.* | ) | |

## NOTICE OF SERVICE

I, DAVID P. CLINE, ESQUIRE, do hereby certify on this 23rd day of October 2007, two

copies of the foregoing PROOF OF SERVICE FOR SUBPOENA ISSUED TO BOEING were

served upon the following via U.S. Mail and were electronically filed and served through

CM/ECF upon the following:

Stephen P. Casarino, Esquire
Casarino, Christman & Shalk
800 N. King Street, Suite 200
P.O. Box 1276
Wilmington, DE  19899
Attorney for Defendant Hamilton

Brian E. Lutness, Esquire
Silverman McDonald & Friedman
1010 N. Bancroft Parkway, Suite 10400
Wilmington, DE  19805
Attorney for Defendant
Tressa A. Thompson-Thomas

Brian Pumphrey, Esquire
McGuire, Woods, LLP
One (1) James Center
901 East Carey Street
Richmond, VA 23219

DAVID P. CLINE, P.A.


BY:   /s/ David P. Cline
David P. Cline, Esq. (#2681)
715 King Street, First Floor
P.O. Box 33
Wilmington, DE 19899-0033
302-529-7848
*Attorney for Plaintiffs*


Dated: October 23, 2007